UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PEDRO LUIS BRAVO MORILLO,

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

No. 1:26-cv-08080-DC-JDP (HC)

ORDER GRANTING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PETITION FOR WRIT OF HABEAS CORPUS

(Doc. Nos. 1, 2)

This matter is before the court on Petitioner's motion for a temporary restraining order (Doc. No. 2), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241, challenging his ongoing immigration detention. (Doc. No. 1.)

This court has previously addressed the legal issues raised by Count One of the petition. (Doc. No. 1 at 6.) Specifically, this court has found that the Due Process Clause requires that, in order for the government to re-detain a noncitizen who has been previously released on bond or conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered. *See Selis Tinoco v. Noem*, 818 F. Supp. 3d 1141 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); *Labrador-Prato v. Noem*, 815 F. Supp. 3d 1113 (E.D. Cal. Dec. 2, 2025) (same); *D.L.C.*

*v. Wofford*, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (same); *Altin v. Chestnut*, No. 1:26-cv-00792-DC-CSK, 2026 WL 309563 (E.D. Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's due process claim).

On October 2, 2026, the previously assigned district judge issued an order informing the parties that the court intends to rule directly on the petition and the motion for a temporary restraining order and directed Respondents to file an answer to the petition within two days. (Doc. No. 5.)

On October 6, 2026, Respondents filed their opposition to Petitioner's motion for temporary restraining order in which they recognize that "that Courts in this district have held that noncitizens who have been released from immigration custody pending civil removal proceedings have a protected liberty interest in remaining out of immigration custody," (Doc. No. 7 at 2), like this court's decisions in *Selis Tinoco*, *Labrador-Prato*, and *D.L.C*. Specifically, this court has previously found that "noncitizens paroled into the United States under § 1182(d)(5) have a liberty interest in their continued release and are entitled to certain due process protections" including a pre-deprivation bond hearing. *D.L.C.*, 2026 WL 2551 at *4. And yet Respondents maintain that Petitioner "remains subject to mandatory detention under 8 U.S.C. § 1225(b)." (*Id.* at 1.) Respondents contend that under the Ninth Circuit's recent decision in *Padilla v. U.S. Immigration & Customs Enforcement*, --- F.4th ---, No. 24-2801, 2026 WL 2822044 (9th Cir. Sept. 21, 2026), "[a]s a parolee, Petitioner is subject to the 'entry fiction' and Petitioner has no due process rights regarding his detention other than what is provided by statute." (Doc. No. 7 at 4.) Respondents emphasize that in *Padilla*, the Ninth Circuit found that noncitizens detained at the border and paroled into the United States under § 1182(d)(5) are subject to the entry fiction doctrine. (*Id.* at 4–5) (citing *Padilla*, 2026 WL 2822044 at *13). The court in *Padilla* explained that "except for the extremely narrow category of people covered by the entry fiction, every person in the United States is entitled to the Fifth Amendment's guarantee of due process, regardless of their citizenship or legal status." *Padilla*, 2026 WL 2822044, at *15. Thus, Respondents contend that because Petitioner is subject to mandatory detention under § 1225(b),

*Padilla* holds that Petitioner is not constitutionally entitled to any additional process beyond what is provided by statute. (Doc. No. 7 at 4–5.) Respondents ignore, however, that the court in *Padilla* clarified that the entry fiction doctrine applies in “an admission, not a detention, case.” *Padilla*, 2026 WL 2822044 at *19. The court in *Padilla* further explained that “for that reason, as well as because” the class of plaintiffs in *Padilla* were not all subject to the entry fiction doctrine, that doctrine “has no application here, the government’s fervent pleas for its vast expansion notwithstanding.” *Id.* The court went to great lengths to clarify that “[a]dmission and detention occupy fundamentally different positions in our legal order,” and that while the executive branch enjoys “plenary power over admission, the principle that the government cannot arbitrarily detain people, including noncitizens, has been a central tenet of British and American legal traditions since the thirteenth century.” *Id.* at *16. Indeed, numerous courts in the Ninth Circuit have interpreted *Padilla* as applying only to due process protections relating to admissibility, not detention. *See e.g., Marquez v. Warden, Desert View Facility*, No. 5:26-cv-05368-MBK, 2026 WL 2948874, at *4 (C.D. Cal. Oct. 1, 2026) (emphasizing that in *Padilla* the Ninth Circuit acknowledged “the government cannot arbitrarily detain people, including noncitizens . . . and discuss[ed] the history of protections against arbitrary detention applied to noncitizens”) (citation modified); *Kleber Vasquez v. Hernandez*, No. 2:26-cv-02873-TMC, 2026 WL 2936770, at *2 (W.D. Wash. Sep. 30, 2026) (addressing noncitizen who was detained after expiration of her § 1182(d)(5) parole following *Padilla*, and explaining that “while [the petitioner’s] legal status regarding admission reverted to that of an arriving noncitizen once her parole expired, the Due Process clause continued to require constitutionally adequate procedures surrounding her detention”). Thus, contrary to Respondents’ expansive interpretation of *Padilla*, that decision limited Petitioner’s due process rights relating to his *admissibility* to those prescribed by statute; it had no impact on his due process rights relating to his *detention*. Because Petitioner challenges the lawfulness of his present detention, not his admissibility, *Padilla* does not affect this court’s analysis regarding the due process protections necessary to detain Petitioner.

Respondents do not oppose this court ruling on the merits of Petitioner’s habeas petition simultaneous with his motion for a temporary restraining order in their opposition. (*See* Doc. No.

7 at 6.) Given that Petitioner is proceeding *pro se* and the court will be granting the relief he seeks, the court will not await the filing of a reply by Petitioner as that would delay the relief he seeks in his petition.

Because Respondents have not identified any factual or legal issues in this case that would materially distinguish it from the court's aforementioned prior decisions, the court will grant Petitioner's motion for temporary restraining order (Doc. No. 2) and petition for writ of habeas corpus (Doc. No. 1) as to Count One for the reasons set forth in the court's order in *Altin*.[1] Further, as the court found in *Altin*, the proper remedy for Respondents' failure to provide Petitioner with a constitutionally compliant pre-deprivation bond hearing is Petitioner's immediate release. *Id.* at 12–13.

Accordingly,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) and motion for a temporary restraining order (Doc. No. 2) are GRANTED as follows:
   a. Petitioner Pedro Luis Bravo Morillo (A- 232-695-255) shall be released immediately from Respondents' custody with the same conditions he was subject to immediately prior to his detention on March 21, 2026. Respondents shall not impose any additional restriction on him, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing;
   b. Respondents shall RETURN all of Petitioner's documents and possessions (e.g., identification, passport, work permit, Social Security card, etc.) upon his release from custody;

---

[1] Because the court is granting the petition on the due process claim (Count One), the court need not address any additional grounds raised in the petition. *See N.K. v. Noem*, No. 1:26-cv-00292-KES-SAB (HC), 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas petition as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to that second count); *Constantinovici v. Bondi*, 806 F. Supp. 3d 1155, 1166 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release").

c. Within three (3) days from the date of entry of this order, Respondents shall FILE a notice of compliance with this court confirming that Petitioner has been released in accordance with the above;

d. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter, at which Petitioner's eligibility for bond must be considered; and

e. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;

2. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

3. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **October 13, 2026**

Dena Coggins
United States District Judge